UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KEVIN RICHARDSON,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES ATTORNEY,<br><br>   Defendants. | Case No. 3:18-CV-00179-MMD-CBC<br><br>REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). For the reason set forth below, it is recommended that plaintiff's complaint be dismissed with prejudice.

## I. BACKGROUND

On March 6, 2019, Richardson filed a civil rights complaint alleging "… complete immunity . . . never to be detained – arrested – charged – tried – convicted -sentenced, granted by, Highest United States Government, and Worldwide Government(s)." (ECF No. 17.)[1] Richardson also apparently seeks, among other things, that this court intervene in "government repositories – banks[,] some highly secured accounts[,] 20 or more verification i[.]e[.] . . [.] fingerprint – retina scan – D.N.A. [sic]."  (*Id.*) Richardson has also filed a new application to proceed *in forma pauperis*.  (ECF No. 6.)

Richardson also filed a Motion "Under Rule 13 Counterclaim and Crossclaim" (ECF No. 14), which appears, in actuality, to be a Motion for Reconsideration of the Court's

---

[1] Richardson initially filed a complaint on January 3, 2019, (ECF No. 15), however, the new complaint (ECF No. 17) supersedes the original complaint in its entirety. Therefore, this Report and Recommendation will only address and screen the most recent complaint, ECF No. 17.

prior decision striking Richardson's Motion Under Rule 12(g) Joining Motions. (ECF No. 10.) In addition, it appears to be a motion to hold an unknown party in criminal contempt. (*Id.*) Finally, Richardson filed a Motion for the Appointment of Counsel (ECF No. 16), and a Motion for Declaratory Judgment (ECF No. 18).

However, the Court finds that Richardson's complaint fails to state a claim upon which relief may be granted, and is in fact frivolous. Therefore, the Court recommends that Richardson's complaint and Motion Under Rule 13 be dismissed with prejudice.

## II.   DISCUSSION

### A.   Application for Leave to Proceed In Forma Pauperis

A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress. 28 U.S.C. § 1915(a)(1). "'[T]he supporting affidavits [must] state the facts as to the affiant's poverty with some particularity, definiteness, and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). The litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

Richardson has filed a new application to proceed *in forma pauperis*. (ECF No. 6.) In his application and financial affidavit, Richardson states that he "has vast resources, including infinite wealth," yet reports that he only has $150 in his inmate account and later states he "has no understanding where this information comes from, [it] will show only limited funds, and resources. (*Id.*) Because Richardson apparently has limited access to money, the Court recommends that the motion for *in forma pauperis* (ECF No. 6) be granted.

However, pursuant to 28 U.S.C. § 1915, Richardson must pay the full amount of the filing fee over time. Richardson should be ordered to pay within thirty days of an order

adopting and accepting this report and recommendation, the initial partial filing fee of 20 percent of the greater of the average monthly deposits to his account or the average monthly balance in his account for the six-month period immediately preceding the filing of the complaint. Richardson should thereafter be required to make monthly payments of 20 percent of the preceding month's income credited to his prisoner account, and the NDOC or other agency in custody of Richardson should forward payments from Richardson's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fee is paid.

### B.   Failure to State a Claim

Pursuant to 28 U.S.C. §1915(e)(2), a federal court must dismiss a case in which *in forma pauperis* status is granted, "if the allegation of poverty is untrue," or the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under §1915 when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Inter'l v. Arizona Corp. Comm.*, 720 F.2d 578 (9th Cir. 1983). In considering whether a plaintiff has stated a claim upon which relief may be granted, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037 (9th Cir. 1980). Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam).

However, if it appears to a certainty that a plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint, the court may *sua sponte* dismiss the complaint or portions of it. *Halet v. Wand Investment Co.*, 672 F.2d 1305 (9th Cir. 1982). All or part of a complaint filed may therefore be dismissed *sua*

*sponte* if the claims lack an arguable basis either in law or in fact. See *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist) as well as claims based on fanciful factual allegations, (e.g., fantastic or delusional scenarios).

Richardson's complaint does not appear to state what conduct or actions any of the defendants took against him that give rise to any claims for relief. In fact, the complaint does not appear to state a cause of action of any kind. Rather, the complaint simply states Richardson is "currently held illegally" at the Northern Nevada Correctional Center and that Richardson apparently has, "complete immunity . . . never to be detained – arrested – charged – tried – convicted -sentenced, granted by, Highest United States Government, and Worldwide Government(s)." (ECF No. 17.) The complaint appears to request, among other things, that this court intervene in "government repositories – banks[,] some highly secured accounts[,] 20 or more verification i[.]e[.] . . [.] fingerprint – retina scan – D.N.A. [sic]." (*Id.*) These allegations do not state a cause of action and are either untenable legal conclusions or fanciful factual allegations.

In addition, based on the facts as alleged in the complaint, it is plain that there are no facts or set of facts that could be alleged that could cure the deficiencies in the complaint. Therefore, any attempt to amend the complaint would be futile. Fed. R. Civ. Pro. 15(a); *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (leave to amend should be denied if amendment would be futile).

Therefore, the complaint should be dismissed with prejudice. In addition, plaintiff should be assessed a strike under 28 U.S.C. § 1915(g) for bringing this action that is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

### III. CONCLUSION

Based on all of the above, it is recommended that Richardson's complaint be dismissed with prejudice, and that Richardson should be assessed a strike under 28 U.S.C. § 1915(g).

The parties are advised:

1. Pursuant to 28 U.S.C § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**IV. RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that the district court enter an order as follows:

1. **GRANTING** plaintiff's motion to proceed in forma pauperis (ECF No. 6); and ordering, plaintiff to pay the full amount of the filing fee over time. Plaintiff should be ordered to pay within thirty (30) days of any order adopting and accepting this report and recommendation, the initial partial filing fee of 20 percent of the greater of the average monthly deposits to his account or the average monthly balance to his account for the six month period immediately preceding the filing of the complaint. Plaintiff should thereafter be required to make monthly payments of 20 percent of the preceding month's income credited to his prisoner account, and the NDOC or other agency in custody of plaintiff shall forward payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid;

2. **ORDERING** the Clerk to file and docket plaintiff's complaint (ECF No. 15);

3. **DISMISSING** plaintiff's complaint WITH PREJUDICE;

4. **DENYING** plaintiff's Motion Under Rule 13 (ECF No. 14);

5. **DENYING** plaintiff's Motion for Appointment of Counsel (ECF No. 16); and

6. **DENYING** plaintiff's Motion for Declaratory Judgment (ECF No. 18).

7.  **ASSESSING** a strike under 28 U.S.C. § 1915(g) for bringing this action that is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

DATED: April 18, 2019.

_____
UNITED STATES MAGISTRATE JUDGE