UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KEVIN RICHARDSON,

Plaintiff,

v.

UNITED STATES ATTORNEY,

Defendant.

Case No. 3:18-cv-00179-MMD-CBC

ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE CARLA B. CARRY

Before the Court is the Report and Recommendation of United States Magistrate Judge Carla B. Carry (ECF No. 19) ("R&R") relating to Plaintiff's application to proceed *in forma pauperis* ("IFP Application"*)* (ECF No. 6), *pro se* complaint ("Complaint") (ECF No. 17), and other pending motions (ECF Nos. 14, 16, 18). The Court has reviewed Plaintiff's objection ("Objection") to the R&R (ECF No. 20). The R&R is accepted and adopted in full.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that

district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

In light of Plaintiff's Objection, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Carry's R&R. Upon reviewing the R&R and underlying briefs, this Court finds good cause to accept and adopt the R&R in full.

In the R&R, Judge Carry recommended that the Court grants Plaintiff's IFP Application. The Court agrees with permitting Plaintiff to proceed *in forma pauperis*. Further, Judge Carry found Plaintiff fails to state a claim as Plaintiff merely alleges untenable legal conclusions or fanciful factual allegations. She therefore recommended that Plaintiff's Complaint be denied with prejudice because amendment would be futile. The Court finds that Plaintiff's Complaint and Objection are of equally fanciful nature and therefore accepts and adopts the R&R in full. *See, e.g.*, *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989) (explaining that *in forma pauperis* complaint is frivolous where it lacks arguable basis either in law or in fact and that the term "frivolous" in statute authorizing sua sponte dismissal of frivolous *in forma pauperis* complaints embraces not only inarguable legal conclusion but also fanciful factual allegation).

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Carla B. Carry (ECF No. 19) be accepted and adopted in its entirety.

It is ordered that Plaintiff's application to proceed *in form pauperis* (ECF No. 6) without having to prepay the full filing fee is granted. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915(b), as amended by the Prison Litigation Reform Act ("PLRA") of 1996. Within 30 days from the date of entry of this order, Plaintiff is required to pay the initial partial filing fee of 20 percent of the greater of the average

///

2

monthly deposits to his account or the average monthly balance to his account for the six month period immediately preceding the filing of the Complaint.

It is further ordered that pursuant to 28 U.S.C. § 1915, as amended by the PLRA, the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's prison account (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk is to send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

It is further ordered that the Clerk detach and file the Complaint (ECF No. 17).

It is further ordered that the Complaint (ECF No. 17) is dismissed with prejudice and without leave to amend because amendment would be futile.

It is further ordered that all other pending motions (ECF Nos. 14, 16, 18) are denied as moot.

It is further ordered that the Clerk enter judgment accordingly and close this case.

DATED THIS 17th day of May 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE